PEOPLE *v.* SHARP

CRIMINAL LAW—WITNESSES—DIRECT EXAMINATION—LEADING QUES-
TIONS—STATUTES.
  Prosecutor's suggestive question to a people's witness which
  assumed facts before they were proved did not entitle de-
  fendant to a new trial where defendant failed to show that
  he was prejudiced by the impropriety of the examination,
  since by the statute no question asked of a witness shall be
  deemed objectionable solely because it is leading (MCLA
  § 768.24).

Appeal from Berrien, Chester J. Byrns, J.  Sub-
mitted Division 3 June 18, 1970, at Lansing.  (Dock-
et No. 8,252.)  Decided August 3, 1970.

Robert Lee Sharp was convicted of armed rob-
bery.  Defendant appeals.  Affirmed.

*Hartwig, Crow & Jones,* for defendant on appeal.

Before:  FITZGERALD, P. J., and R. B. BURNS and
DANHOF, JJ.

PER CURIAM.  On April 17, 1969, defendant Robert
Lee Sharp was convicted of armed robbery in viola-
tion of MCLA § 750.529 (Stat Ann 1954 Rev
§ 28.797).  He was sentenced to serve from 12 to 40
years in prison.  On August 29, 1969, a motion for

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses §§ 570, 571.

new trial was filed, stating generally that the verdict was contrary to law and against the great weight of the evidence. On September 15, 1969, the court heard arguments and denied the motion. Defendant now appeals as of right.

Testimony elicited during the trial disclosed that defendant had entered a Zephyr filling station at 2 a.m. on February 14, 1968, in the city of Benton Harbor. He held a gun on the attendant, Lee Nolen, and ordered him to open the cash drawer and put the money in a sack which defendant had placed on the counter. The attendant complied with the demands and defendant left the gas station. He was apprehended a short time later.

The sole issue raised on this appeal is whether the trial court erred in denying defendant's motion for new trial in view of the prosecution's suggestive questions assuming facts before they were proven. Defendant objects for the first time to a question of the prosecutor on direct examination of witness Nolen: "After he took the money did you see which way he went?" This question followed almost immediately Nolen's statement that he "unlocked the cash drawer, put the money in the sack and he left out." Nolen had not yet testified that defendant had taken the sack with the money in it or that any money was in fact missing.

Defendant also questions the propriety of the prosecution's examination of witness Althea Cohn. During examination, the witness pointed to defendant and stated that the robber resembled him. Subsequently, the prosecutor asked her if she had said the man looked just like defendant, whereupon she answered yes. Upon objection, the question and her affirmative answer were stricken. Defendant claims that he was prejudiced by the improper leading questions of the prosecution.

As regards the testimony of witness Lee Nolen, it would be inconceivable that after the robber came into the station, trained a gun on the attendant and forced him to put the money in a sack he furnished, he would turn and walk out without taking the money. Furthermore, the fact of taking the money was later fully substantiated. The Court finds it difficult to see how defendant had been prejudiced.

Neither objection was preserved for review as the motion for new trial merely stated that the verdict was contrary to the law and the weight of the evidence. These claims are dismissed by citing MCLA § 768.24 (Stat Ann 1954 Rev § 28.1047) which states:

"Within the discretion of the court no question asked of a witness shall be deemed objectionable solely because it is leading."

See *People* v. *George Johnson* (1966), 5 Mich App 257.

Affirmed.