PEOPLE *v.* GEORGE JOHNSON.

1. WITNESSES — CROSS-EXAMINATION — EXPLANATION — MOTION TO STRIKE.

Denial of motion to strike answer of witness on cross-examination which explained why 1-man lineup was used in showing accused to victim of unarmed robbery *held,* not error when explanation was given in response to question whether witness had not said on former occasion that such procedure was not unusual, whereas in present testimony he had said that it was unusual (CL 1948, § 750.530).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CROSS-EXAMINATION OF WITNESSES—EXPLANATION—HEARSAY.

Objection to explanatory answer given by witness on cross-examination on ground that it was in part based on hearsay, *held,* not properly before appellate court when not raised in trial court.

3. WITNESSES—OPINION—MATTER WITHIN COMPETENCE OF JURY—1-MAN LINEUP.

Objection to question asking sheriff's detective his opinion as to whether 1-man lineup was fair to accused *held,* properly sustained as calling for opinion within competence of jury to form when another detective had already testified that 1-man lineup was unusual.

4. EVIDENCE—OPINION TESTIMONY—DISCRETION OF COURT.

The admission of opinion testimony by a witness is within the discretion of trial court.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 842
[2] 5 Am Jur 2d, Appeal and Error § 602
[3, 5] 20 Am Jur, Evidence § 798 *et seq.*
[4] 20 Am Jur, Evidence § 798
[6] 21 Am Jur 2d, Criminal Law § 137
[7] 58 Am Jur, Witnesses § 570

5. Same—Opinion—Conjecture.
   Refusal of trial court to allow witness from Federal Aviation Agency to give his opinion as to visibility on morning of unarmed robbery *held*, not error, where testimony given by such witness made it clear that his answer would be conjectural because affected by too many variables unknown to him (CL 1948, § 750.530).

6. Criminal Law—Alibi—Notice—Cumulative Testimony.
   Instruction to jury to disregard testimony of alibi witness in prosecution for unarmed robbery *held*, not error, when witness' correct name was not indorsed on statutory notice of alibi, motion to file correct name of alibi witness was not made, no explanation of failure to give correct name was offered, and testimony as given before instruction was cumulative to testimony of other alibi witnesses (CL 1948, §§ 750.530, 768.20).

7. Same—Leading Question—Statute.
   Permitting prosecuting witness to answer question "Now, do you see the taller of the two men in court here today?" in trial for unarmed robbery, over objection that it was a leading question, *held*, not error in view of statute providing that within discretion of court no question asked of witness should be deemed objectionable solely because it is leading (CL 1948, § 768.24).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 June 2, 1966, at Grand Rapids. (Docket No. 935.)  Decided November 22, 1966.

George Johnson was convicted of unarmed robbery.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert B. Currie,* Prosecuting Attorney, and *Bruce J. Scorsone,* Chief Assistant Prosecuting Attorney, for the people.

*William J. Ginster,* for defendant.

Burns, J.  The defendant, George Johnson, was tried and convicted of the crime of unarmed rob-

bery.* From this conviction he appeals. As a basis for the appeal the defendant claims the trial court erred in: 1, failing to strike certain remarks made by a police officer as a witness in regard to a "one-man lineup;" 2, not permitting a witness (police officer) to state his opinion of the "fairness" of a one-man lineup; 3, not permitting an employee of the Federal aviation agency to state his opinion as to visibility on the day of the robbery; 4, instructing the jury to disregard the testimony of an alibi witness for failure to comply with CL 1948. § 768.20 (Stat Ann 1954 Rev § 28.1043); and 5, permitting the prosecuting witness to answer the question, "Now, do you see the taller of the two men in court here today?" when it was objected to as a leading question.

In regard to the claimed error that the court failed to strike certain remarks made by a police officer, upon cross-examination of the detective who conducted the lineup with only one person (the accused) in it, counsel for the defendant asked:

"Now, Detective Martin, is that not a highly unusual police procedure to stand one man up and show him to a victim?"

The witness stated that it was an unusual procedure. The defense attorney continued to press this particular point and finally asked:

"*Q.* So on that occasion, April 14th, you were saying that it was not unusual; today you say it is unusual?

"*A.* If there are other men available you always put more than one man in a show up and this particular instance I asked the turnkey, Mr. Milson, did we have any one in the lockup that would come

---

* CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).

close to the description of George Johnson and he
told me no, so he brought George Johnson down."

Counsel for the defendant moved to strike the re-
sponse on the grounds that it was self-serving and
not responsive.   Under the circumstances the de-
fense practically invited the witness to make the ex-
planatory response, and the trial court did not com-
mit error in refusing to strike the answer.

On appeal, defendant also claims the answer was
objectionable under the hearsay rule, but since that
ground was not raised in the trial court, it is not
properly before this Court. *People* v. *Foley* (1941),
299 Mich 358.

Defendant's second allegation of error is that the
trial court erred in not permitting a detective to
state his opinion as to the "fairness" of a one-man
lineup.   Detective Rice was asked:

"Now, based on your experience as a deputy
sheriff of the Saginaw county sheriff's department,
and based on your experience as a detective of that
Saginaw county sheriff's department, in your opin-
ion, sir, is a one-man lineup fair to a defendant?"

The prosecuting attorney objected that the question
was not relevant, that the witness was not qualified
as an expert in the field and that there was not
any need for special knowledge in said field.

Detective Martin had already testified that a one-
man lineup was unusual.   Surely, the jury was com-
petent to determine the question of fairness as well
as Detective Rice.   The trial court did not err in
sustaining the objection.

Defendant's third claim of error is that the de-
fendant's witness from the Federal aviation agency
was not allowed to state his opinion as to the visi-
bility on the morning of the robbery because he had
not been qualified as an expert witness.   Before

the testimony of the witness was restricted, he had
already stated:

"Well, actually, I can't say how far I could see
that day. It would—it would have a lot to do with
the weather conditions; if the weather was bad that
day or low clouds and so on. It could definitely
be restricted."

It is apparent that any opinion that this witness
could have offered would have been open to con-
jecture as many variables entered into the picture.
The admissibility of an opinion is clearly within the
trial court's discretion, and we hold that such dis-
cretion was not abused.

Fourth, the defendant claims the trial court erred
in instructing the jury to disregard the testimony
of one Vivian Parker, an alibi witness, because of
noncompliance with CL 1948, § 768.20 (Stat Ann
1954 Rev § 28.1043), which provides:

"Whenever a defendant in a criminal case not
cognizable by a justice of the peace shall propose
to offer in his defense testimony to establish an
alibi on behalf of the defendant, * * * such de-
fendant shall at the time of arraignment or within
10 days thereafter but not less than 4 days before
the trial of such cause file and serve upon the prose-
cuting attorney in such cause a notice in writing of
his intention to claim such defense and the names of
witnesses to be called in behalf of such defendant
to establish such defense known to him at that time.
Names of other witnesses may be filed and served
before or during the trial by leave of the court and
upon such conditions as the court shall determine."

In the present case Vivian Parker was not listed
as an alibi witness and the trial judge instructed
the jury to disregard her testimony. The defendant,
on appeal, claims that the name Vivian Smith was
listed as a witness in error and that the name should

have been Vivian Parker. The record indicates the defendant subpoenaed Vivian Parker.

The statute as quoted above provides, "Names of other witnesses may be filed and served before or during the trial by leave of the court and upon such conditions as the court shall determine." The record does not show that the defendant asked leave of the court to file the name of Vivian Parker as an additional witness, nor that he offered any explanation for the omission. In *People* v. *McFadden* (1956), 347 Mich 357, the Supreme Court in regard to the same statute, said on page 360:

"No claim is made that he could not have complied with such requirement if applicable to him. The issue is, in consequence, whether he was bound to give the notice as a condition precedent to the introduction of the tendered proof."

And, on pages 362, 363:

"If the defendant is entitled to such right, the conclusion logically follows that he may not avoid compliance with a requirement, imposed by statute with reference to such procedure, prescribed, not for the benefit of the defendant but for the benefit and protection of the public. The trial judge in the instant case was not in error in denying defendant the right to introduce testimony for the purpose of establishing an alibi on the ground that notice of such defense had not been given to the people."

Willie Smith and Anna Knight had already testified to the alibi prior to the defense calling Vivian Parker, and her testimony would have been cumulative. Under the circumstances the trial court did not commit reversible error by excluding her testimony.

With regard to defendant's last claim, we dismiss it by merely citing CL 1948, § 768.24 (Stat Ann 1954 Rev § 28.1047):

"Within the discretion of the court no question asked of a witness shall be deemed objectionable solely because it is leading."

Judgment affirmed.

HOLBROOK, P. J., and HOFFIUS, J., concurred.