PEOPLE v VAN ETTEN

Docket No. 94846. Submitted March 23, 1987, at Detroit. Decided
June 5, 1987. Leave to appeal applied for.

Joseph Van Etten, originally charged with two counts of assault
with intent to rob while armed, pled guilty to one count of
assault with intent to rob while armed and a charge of habitual
offender, second offense, pursuant to a plea bargain, Oakland
Circuit Court, Fred M. Mester, J. Defendant was sentenced to a
term of from five to thirty years in prison and he appealed,
claiming the trial judge failed to adequately articulate his
reasons for the sentence imposed.

The Court of Appeals *held:*

1. The trial judge, who at sentencing merely stated that he
had no alternative under the circumstances of this case and the
information from the presentence report but to impose a prison
term of from five to thirty years, failed to adequately articulate
his reasons for imposing the sentence given as required by
*People v Coles,* 417 Mich 523 (1983).

2. The case was remanded for resentencing, as opposed to a
remand only for an articulation of reasons, in order to ensure
defendant's right to allocution.

Remanded.

J. T. KALLMAN, J., concurred in part and dissented in part.
Judge KALLMAN agreed that the trial judge failed to adequately
articulate his reasons for imposing the sentence given. How-
ever, he would hold that a sentence of from five to thirty years
in prison for an habitual offender conviction of assault with
intent to rob while armed should not shock the conscience of
the Court of Appeals and he would therefore not remand for
resentencing.

CRIMINAL LAW — SENTENCING — APPEAL.

A sentencing court does not adequately articulate its reasons for

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Necessity and sufficiency of question to defendant as to whether he
has anything to say why sentence should not be pronounced
against him. 96 ALR2d 1292.

a sentence imposed where the court merely states that under
the circumstances of the particular case and the information
from the presentence report it had no alternative other than to
impose the sentence it did; in an appeal by a defendant sen-
tenced in this manner, the case will be remanded for resentenc-
ing, as opposed to a remand only for an articulation of reasons,
in order to ensure the defendant's right to allocution.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief,
Appellate Division, and *Paul J. Fischer,* Assistant
Prosecuting Attorney, for the people.

*Faintuck, Schwedel & Wolfram* (by *William G.
Wolfram*), for defendant.

Before: WAHLS, P.J., and R. M. MAHER and J. T.
KALLMAN,* JJ.

PER CURIAM. Defendant was originally charged
with two counts of assault with intent to rob while
armed, MCL 750.89; MSA 28.284, and was success-
ful in reducing one of those counts to felonious
assault, MCL 750.82, MSA 28.277. Pursuant to a
negotiated plea bargain, defendant pled guilty to
one count of assault with intent to rob while
armed and to violation of the habitual offender,
second offense, provision, MCL 769.10; MSA
28.1082. Although defendant was sentenced to
terms of five to thirty years on each conviction, his
sentence on the underlying conviction of assault
with intent to rob was vacated by the trial court.
On appeal, defendant asserts that the trial court
failed to adequately articulate its reasons for the
sentence imposed. We agree.

In *People v Coles,* 417 Mich 523, 549; 339 NW2d
440 (1983), our Supreme Court stated that, in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

order to aid the appellate review process, the trial court must at the time of sentencing articulate on the record its reasons for imposing the sentence given. A nonexhaustive list of the proper criteria for determining an appropriate sentence is noted in *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972), and includes the disciplining of the wrongdoer, the protection of society, the potential for reformation of the offender, and the deterring of others from committing like offenses. A sentence should be tailored to the particular circumstances of the case and to the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential. *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973).

Sentencing in the present case took place on May 2, 1986. The trial judge initially reviewed with defendant the rights he was waiving in entering his guilty pleas. After defendant explained how he had assaulted two individuals with a BB pistol and had unsuccessfully tried to steal drugs from them, and after he acknowledged having been previously convicted of breaking and entering a motor vehicle with intent to steal property worth five dollars or more, defendant's counsel moved for sentencing. Defendant made a brief statement, and the trial judge imposed sentence, stating: "I have no alternative but under the circumstances of this case and the information from the presentence report to turn you over to the Department of Corrections for a period of five to thirty years."

The prosecutor argues that the trial court adequately articulated its reasons for imposing the five-to-thirty-year sentence because "[t]he court specifically referred to the circumstances of the case and the information contained in the presen-

tence report, although without enumerating the various considerations separately." It is precisely such "various considerations," however, which *Coles* requires to be placed on the record. Since an appellate tribunal cannot, and should not, presume to divine the considerations which prompted a trial court, in its discretion, to impose a particular sentence, trial judges must assiduously comply with the *Coles* requirement of stating on the record "what reasons support the court's decision regarding the length and nature of punishment imposed." *Coles, supra,* p 550.

Accordingly, this case must be remanded for resentencing of defendant. A resentencing is required, and not a mere remand for the articulation of the reasons supporting the sentence previously imposed, in order to ensure the defendant's presence in court at the time the judge articulates his reasons for the sentence imposed. The defendant's presence at that time will allow him the opportunity to alert the judge to perceived inaccuracies, if any, in the articulated reasons. This is consistent with the language in *Coles* regarding articulation, which provides: "The trial court must *at the time of sentencing* articulate on the record its reasons for imposing the sentence given." 417 Mich 549. See also *People v Garvin,* 159 Mich App 38; 406 NW2d 469 (1987). Remanding for mere articulation, which might occur outside the presence of the defendant, would not only run contrary to the letter of *Coles,* but would also violate the spirit of that case in that post-sentencing articulation would do little to justify the sentence imposed if the trial judge relied on information which, had the defendant been present, would have been declared to be inaccurate. Moreover, the rule that a defendant is entitled to the right of allocution prior to sentencing requires strict compliance.

MCR 6.101(G)(2). Ordinarily, the sentencing judge must specifically inquire immediately *before* pronouncing sentence whether the defendant wishes to address the court before sentence is imposed, *People v Berry,* 409 Mich 774, 781; 298 NW2d 434 (1980), and resentencing is required if this right is violated, *Coles, supra,* p 532; *People v McNeal,* 150 Mich App 85, 88-90; 389 NW2d 708 (1986).

Remanded. We do not retain jurisdiction.

J. T. KALLMAN, J. *(concurring in part and dissenting in part). People v Coles,* 417 Mich 523, 549; 339 NW2d 440 (1983), requires a sentencing court to articulate on the record its reasons for imposing the sentence given. I agree that the sentencing court failed to comply with this provision of *Coles.* I am not, however, persuaded that a remand for resentencing is required.

In this case, the defendant was sentenced as an habitual offender for assault with intent to rob while armed. The sentencing guidelines do not apply to habitual-offender sentences, *People v Willhite,* 155 Mich App 124, 126; 399 NW2d 57 (1986). *Coles* dictates that an appellate court "may afford relief to the defendant only if the appellate court finds that the trial court, in imposing the sentence, abused its discretion to the extent that it shocks the conscience of the appellate court." *Coles, supra,* p 550.

A remand for resentencing in this case would serve no useful purpose and would be a waste of judicial resources. My conscience is not shocked by a sentence of from five to thirty years for an habitual offender conviction of assault with intent to rob while armed. Compare *Willhite, supra,* where the Court refused to remand for a *Coles* articulation on a three-to-twenty-five-year sentence for an habitual offender conviction of unarmed

robbery. I would affirm the defendant's conviction and sentence. The most the defendant is arguably entitled to is a remand for a *Coles* articulation, see *People v Flowers*, 422 Mich 880 (1985). A remand for resentencing is unwarranted.