PEOPLE v ODNEAL

Docket No. 97019. Submitted September 11, 1987, at Detroit. Decided September 29, 1987.

> Ronald L. Odneal was convicted, on his plea of guilty, of assaulting a corrections officer and of being a habitual offender, Oakland Circuit Court, Robert C. Anderson, J. Defendant appealed and the Court of Appeals in an unpublished opinion per curiam reversed defendant's habitual offender conviction and remanded. On remand, the court corrected the deficiencies and again convicted defendant of being a fourth felony offender and sentenced him, but without articulating the reasons for the sentence. Defendant appealed.
>
> The Court of Appeals *held:*
>
> Trial courts, in order to aid the review of sentences, must articulate on the record at the time of sentencing in a criminal case the reasons for imposing the sentence. The remedy for failure to do so is to remand for resentencing with a right to allocution.
>
> Reversed and remanded.

CRIMINAL LAW — SENTENCING — REMEDIES — APPEAL.

> Trial courts, in order to aid the review of sentences, must articulate on the record at the time of sentencing in a criminal case the reasons for imposing the sentences; the remedy for failure to do so is to remand for resentencing with a right to allocution.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law §§ 531, 532.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: R. M. Maher, P.J., and Wahls and J. B. Sullivan, JJ.

Per Curiam. This is the second time this case comes before us on the basis of sentencing error. We remand for the purpose of resentencing defendant on his habitual offender, fourth offense, conviction.

On November 8, 1984, defendant pled guilty to assaulting a corrections officer, MCL 750.197c; MSA 28.394(3), and habitual offender, fourth offense, MCL 769.12; MSA 28.1084. He was sentenced on December 12, 1984, by the Oakland Circuit Court to a term of from two to four years for the assault conviction, which was vacated upon imposition of a term of from four to fifteen years for the habitual offender conviction. In an unpublished per curiam opinion, this Court reversed defendant's habitual offender conviction and vacated his sentence because the trial court had failed to comply with certain statutorily mandated procedural requirements set forth in the habitual offender act, MCL 769.13; MSA 28.1085, *People v Odneal,* unpublished opinion per curiam of the Court of Appeals, decided December 10, 1985 (Docket No. 82581) (Gillis, J., dissenting). On remand, at a hearing conducted on June 11, 1986, the trial court complied with those requirements by specifically informing defendant of the allegations contained in the habitual offender information and by requiring defendant to state whether he was the same person as charged in the information. After defendant, on July 11, 1986, pled guilty to habitual offender, fourth offense, he was sentenced on July 30, 1986. In this appeal, defendant

contends that two errors committed at this sentencing entitle him to a resentencing. We find that one of the issues raised by defendant on appeal is meritorious and requires resentencing.

In *People v Coles,* 417 Mich 523, 549; 339 NW2d 440 (1983), the Supreme Court announced that "in order to aid the appellate review process, the trial court must at the time of sentencing articulate on the record its reasons for imposing the sentence given." It stated that the proper criteria for determining an appropriate sentence include, but are not limited to, (1) the disciplining of the wrongdoer, (2) the protection of society, (3) the potential for reformation of the offender, and (4) the deterring of others from committing like offenses. 417 Mich 550, citing *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). A sentence should be tailored to the particular circumstances of the case and to the offender in an effort to balance both society's needs for protection and its interest in maximizing the offender's rehabilitative potential. *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973). In the instant case, the sentencing transcript barely fills one and one-half pages. The court discusses none of the reasons enunciated in *Coles* for the two- to four-year sentence imposed, nor does it attempt to justify its sentence by reference to any other appropriate criteria. Under these circumstances, the appellate review process is critically hampered. The trial court's failure to state on the record the factors it considered in fashioning the punishment imposed renders impracticable this Court's ability to determine, for example, whether the sentence is shocking to the judicial conscience. *Coles, supra,* p 550. We remand for resentencing, and not merely for an articulation of the reasons supporting the sentence imposed, in order to ensure the defendant's pres-

ence in court at the time the judge articulates his reasons and to ensure that defendant's right to allocution prior to the imposition of his sentence is protected. *People v Van Etten,* 163 Mich App 593; 415 NW2d 215 (1987). We do not believe, however, that the resentencing proceeding must be conducted by a different judge. *People v Garvin,* 159 Mich App 38, 47; 406 NW2d 469 (1987).

In light of our disposition on the *Coles* articulation issue, we need not address defendant's second argument, that resentencing is required because neither defendant nor his counsel was afforded the right of allocution at the July 30, 1986, sentencing. MCR 6.101(G)(2). We note, however, that the trial judge specifically invited defendant to speak prior to the imposition of sentence—an invitation which defendant accepted—and that defendant's attorney addressed the court at the beginning of the proceeding and thanked the court at the close of the proceeding.

Defendant's sentence is vacated and the case is remanded for resentencing. We do not retain jurisdiction.