PEOPLE v HOFFMAN

Docket No. 98207. Submitted September 8, 1987, at Detroit. Decided October 6, 1987.

Robert C. Hoffman pled guilty in Oakland Circuit Court to criminal sexual conduct in the first degree. At the sentencing hearing, the court, Frederick C. Ziem, J., stated merely that, "taking into consideration all of the facts and circumstances," it was the judgment of the court to sentence defendant to a prison term of from eight to forty years. Defendant appealed, seeking resentencing on the basis that the sentencing judge failed to articulate on the record the reasons for the sentence imposed.

The Court of Appeals *held:*

While the trial court did not specifically mention the sentencing guidelines at the sentencing hearing, since the sentence imposed was within the range determined under the sentencing guidelines, the failure of the trial court to further articulate the reasons for the sentence it imposed does not mandate a remand for resentencing.

Affirmed.

CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A *sentencing judge's indication on the record that sentence was being imposed after taking into consideration all of the facts and circumstances of the case is sufficient articulation on the record of the reasons for the sentence imposed where the sentence imposed is within the range recommended by the guidelines.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Mary McCarthy Quarles,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Due process requirements of presentence procedure following conviction. 3 L Ed 2d 1808.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for defendant.

Before: GRIBBS, P.J., and J. H. GILLIS and HOOD, JJ.

PER CURIAM. Defendant pled guilty to first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to eight to forty years imprisonment. Defendant appeals as of right, challenging his sentence.

Defendant argues that he is entitled to resentencing because the trial court failed to articulate on the record its reasons for imposing the sentence. The trial court stated merely:

[T]aking into consideration all of the facts and circumstances of this case, it's the Judgment of this Court that you be sentenced to and incarcerated in the State's Prison for Southern Michigan for a minimum term of eight years . . . and a maximum term of forty years . . . .

In *People v Broden,* 428 Mich 343, 355; 408 NW2d 789 (1987), the Court held that, when the sentencing guidelines recommendation is followed, reference only to the sentencing guidelines as the reason for the sentence is sufficient to fulfill the *Coles*[1] requirement that the sentencing court articulate reasons for the sentence. The Court reversed *People v Broden,* 147 Mich App 470; 382 NW2d 799 (1985), lv gtd 425 Mich 871 (1986), in which this Court held that reference to the guidelines is not sufficient, and affirmed *People v Murray,* 147 Mich App 227; 383 NW2d 613 (1985), lv gtd 425 Mich 871 (1986), where this Court held that reference to the guidelines was sufficient.

In the instant case, while the sentencing guide-

---

[1] *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

lines were followed,[2] the court did not refer to the guidelines; rather, the court stated it was basing its sentence on the "facts and circumstances" of the case. The instant case is identical to *People v Latzman,* 153 Mich App 270, 272; 395 NW2d 56 (1986), in which the sentencing court stated:

> "Sir, this isn't easy for me to do. But, sir, it is the sentence of this court that based upon the file and the seriousness and the circumstances in this particular matter, I'm sentencing you to the custody of the Department of Corrections for a minimum period of time of five years and a maximum period of fifteen."

The prosecutor in *Latzman* argued that *Coles* did not contemplate the continued requirement of articulated reasons after institution of the sentencing guidelines and that, since the sentence was within the guidelines, no further articulation was necessary. *Latzman, supra,* p 273. This Court did not agree, and chose to follow *Broden* rather than *Murray.* This Court held that articulation of reasons was necessary even when the sentence was within the guidelines. *Id.* The Supreme Court has held consideration of an application for leave to appeal in *Latzman* in abeyance pending the outcome of *Broden. People v Latzman,* unpublished order of the Supreme Court of September 26, 1986 (Docket No. 79022). Thus, *Latzman* is currently not precedential. *People v George,* 399 Mich 638, 640; 250 NW2d 491 (1977).

We feel that, in light of the Supreme Court's *Broden* opinion, further articulation was not necessary in the instant case, since the guidelines were followed. We see no difference between stating

---

[2] The sentencing guidelines recommended a minimum sentence of 72 to 120 months.

that a sentence is imposed pursuant to the guidelines and stating that a sentence is imposed because of the facts and circumstances of the case. Where the guidelines are followed, a sentencing judge likely imposed the sentence because of the guidelines. In *Broden,* the Supreme Court explained that the sentencing guidelines ensure that the sentencing court focuses on a consistent set of relevant sentencing factors and that a sentencing court's reliance on the guidelines in imposing a minimum sentence constitutes sufficient justification for the sentence. *Broden, supra,* p 354. The Court stated that the guidelines are structured in such a way that they subsume the most pertinent sentencing considerations and seek to foreclose consideration of impermissible factors and that sentences falling within the range are presumptively not excessively severe or unfairly disparate. *Id.* In using this language, the Court was stating that the sentencing guidelines have already taken into consideration the appropriate factors for a proper sentence for the defendant. Thus, further articulation is unnecessary.

Therefore, we feel that the sentencing court in the instant case did not have to further articulate reasons for the sentence. The sentence was within the guidelines and was thus presumptively valid.

Affirmed.