PEOPLE v OLIVER

Docket No. 97803. Submitted March 17, 1988, at Detroit. Decided July 18, 1988. Leave to appeal applied for.

Darryl P. Oliver was charged with assault with intent to murder and following a bench trial in the Recorder's Court of Detroit, John P. O'Brien, J., was found guilty of assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of a felony. Defendant was sentenced to a prison term of two to ten years on the assault conviction and two years on the felony-firearm conviction. Defendant appealed.

The Court of Appeals *held:*

1. The testimony of the complainant that defendant, after making a threat directed toward complainant, had fired a pistol in the direction of complainant's automobile was sufficient evidence to permit the magistrate to bind defendant over on both the assault with intent to murder charge and the felony-firearm charge. The testimony, if believed, would establish that defendant fired a pistol in the direction of complainant and the use of that weapon, coupled with the threat, would support an inference of an intent to kill. For the same reasons, the trial court properly denied defendant's motion to quash the information.

2. Since it is clear that the trial court was aware of the factual and legal issues and correctly applied the law to the facts, the trial court's conclusory findings of fact were sufficient to satisfy the mandate of the court rule.

3. The record fails to establish any improper prosecutorial vouching for the credibility of the complainant.

4. Since the investigating police officers had previous experi-

REFERENCES

Am Jur 2d, Appeal and Error § 821.
Am Jur 2d, Criminal Law §§ 411 *et seq.,* 535 *et seq.*
Am Jur 2d, Expert and Opinion Testimony §§ 24, 25.
Am Jur 2d, Trial §§ 1250 *et seq.*
See Index to Annotations under Appeal and Error; Criminal Law; Evidence; Expert and Opinion Testimony; Sentence and Punishment.

ence in viewing automobiles which had been dented by bullets, it was not error mandating reversal to permit the officers to opine whether the dents in complainant's automobile had been caused by bullets, even though the officers had not been qualified as ballistics experts.

5. While the imposition of a sentence which is within the sentencing guidelines, when coupled with a reference by the court to those guidelines or to the circumstances of the particular case, will satisfy the requirement that the court articulate on the record the reasons for the sentence, that requirement is not satisfied where, as here, the court gives no reason for the sentence imposed, even though the sentence imposed is within the sentence recommended by the sentencing guidelines.

Convictions affirmed but remanded for resentencing.

MAHER, J., would hold that the trial court's findings of fact were insufficient to satisfy the mandate of the court rule.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — EXAMINING MAGISTRATE.

An examining magistrate in determining whether to bind a defendant over on a felony charge is not required to find guilt beyond a reasonable doubt but rather must find some evidence on each element or evidence from which each element could reasonably be inferred; where the testimony both supports and negates an element of the crime charged, the question is one of fact which properly should be left to the trier of fact.

2. CRIMINAL LAW — BENCH TRIAL — FINDINGS OF FACT.

The findings of fact by a trial court sitting without a jury in a criminal case are sufficient if it appears from those findings that the trial court was aware of the issues in the case and correctly applied the law (MCR 2.517).

3. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.

The standard for review of challenges to the sufficiency of the evidence in a bench trial of a criminal defendant is that the Court of Appeals must determine whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find that the essential elements of the crime had been proven beyond a reasonable doubt.

4. WITNESSES — LAY WITNESSES — OPINION TESTIMONY.

A police officer, without being qualified as a ballistics expert, may give testimony as to whether, in his opinion, dents in an automobile had been made by bullets where the officer indicated that he was experienced in viewing automobiles which had been dented by bullets.

5. Criminal Law — Sentencing — Sentencing Guidelines.

    A sentencing judge must make some indication on the record as to the reason for the sentence being imposed in order to satisfy the articulation on the record requirement; the articulation on the record requirement is not satisfied by the mere fact that the sentence imposed is within the range recommended by the guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove*), for defendant on appeal.

Before: Wahls, P.J., and Maher and G. S. Allen,* JJ.

G. S. Allen, J. Following a bench trial in Recorder's Court, defendant was found not guilty of the charged offense of assault with intent to murder but was found guilty of the lesser offense of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). Sentenced October 3, 1986, to two to ten years in prison and an additional two years in prison for felony-firearm, defendant appeals as of right raising five issues. We affirm defendant's conviction, but remand for resentencing.

The incident giving rise to the charges against defendant occurred on October 23, 1985. Norie Embry, the complainant, testified that about 6:00 P.M. on that date he was standing on the sidewalk

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

outside a store at Fischer and Bessemore Streets in Detroit and watched defendant drive up to the store in a gray Lincoln Continental. From inside the car defendant spoke to Embry saying: "[I]f I do what I think I should do you will be through." Embry then got back into his own car, a white Monte Carlo, which was parked along the curb. For about a minute the two men watched each other from their cars. Then defendant drove off.

Embry testified that five or ten minutes later he drove away from the store proceeding at about ten miles an hour down Fischer Street. About a half a block away from the store he observed defendant in the process of parking his Continental on Fischer Street. As Embry drove past, defendant got out of his car, stood in the middle of the street, and fired a black pistol at Embry's car. Embry saw this in his rear view mirror. He heard five or six shots and heard some three shots hit his car. When he heard the shots he ducked down as he continued to drive down the street. He estimated that the first shot was fired when his car was two or three lengths away from defendant's car and the last shot was fired when his car was four or five lengths distant from defendant's car. Embry drove to his mother's home where he phoned the police. At his mother's home he noticed two circular dents and one scratch in his car. The police arrived and Embry reported the incident.

At trial, evidence was presented establishing that at one time Embry and defendant had been friends and lived together, but several months prior to October 23, 1985, their relationship soured and Embry lived in a house where defendant's brother and two other men, Reginald Foy and Marcus Glenn, lived. Defendant's brother was murdered, allegedly by Foy and Glenn. Embry testified against Foy and Glenn at their trial, but

did so only after being given immunity from prosecution for being an accessory after the fact on grounds of transporting the deceased.

Defendant presented Catrina Calhoun as an alibi witness. She testified that she was a friend of the defendant and had known him for fourteen years, that on October 23, 1985, she was with defendant from 3:15 or 3:30 until 10:00 P.M., that they went shopping at the Eastland Shopping Center, and that, thereafter, they had dinner at Burger King. She explained she remembered that particular day because it was the day after her father got paid and therefore he had been able to give her money for shopping. Additional facts will be recited as needed in the discussion of the issues.

I

Defendant first argues that the magistrate clearly abused his discretion at the preliminary examination when he bound defendant over and that the trial court abused its discretion in denying defendant's motion to quash the information. Specifically, defendant contends that the intent to kill was not shown and that no showing was made that a firearm meeting the definition of MCL 8.3t; MSA 2.212(20) was used. Quoting from *Roberts v People,* 19 Mich 401, 415-416 (1870), defendant claims that the requisite intent requires an actual intent to kill and not a mere knowing creation of a high risk of death. See *People v Taylor,* 422 Mich 554, 567-568; 375 NW2d 1 (1985). No gun was found and, according to defendant, Embry's scant description of the gun and the fact that only dents rather than bullet holes were found on the car was insufficient to meet the statutory definition of firearm.

When considering a motion to quash and deter-

mining whether a defendant should have been bound over on preliminary examination, the trial court should apply a clear abuse of discretion review. *People v Irby,* 129 Mich App 306; 342 NW2d 303 (1983); *People v Dyer,* 157 Mich App 606, 608; 403 NW2d 84 (1986). The Court of Appeals then reviews the trial court's decision under an abuse of discretion standard. *Dyer, supra; People v Hammond,* 161 Mich App 719, 721; 411 NW2d 837 (1987). The magistrate is not required to find guilt beyond a reasonable doubt, but some evidence on each element of the crime charged must be presented or evidence must be presented from which the elements on each offense can reasonably be inferred. *People v Irby, supra,* pp 321-322; *People v Kubasiak,* 98 Mich App 529, 532; 296 NW2d 298 (1980). Where the testimony both supports and negates an element of the crime charged, the question is one of fact which properly should be left to the finder of fact. *People v Tait,* 99 Mich App 19, 24; 297 NW2d 853 (1980).

At the preliminary examination on March 27, 1986, Embry testified that only a week and a half prior to October 23, 1985, defendant's brother had been killed and that defendant strongly believed Embry had something to do with it. Upon cross-examination, Embry denied he was charged with the homicide but admitted he testified at the trial of those charged with that homicide. Embry testified he saw defendant shoot at him shortly after defendant made the threats on October 23, 1985. We find that this evidence supports an inference of an intent to kill Embry.

We also find Embry's testimony at preliminary examination sufficient to establish possession of a firearm. Embry stated he saw defendant holding a gun, that the gun was a black steel revolver, that he heard several shots ring out, that he ducked

down to avoid being hit and that there were dents in the trunk of his car which he believed were caused by bullets. Also, the weapon was fired shortly after the threats were made. The elements of a felony-firearm charge are (1) that defendant committed the charged felony and (2) that defendant committed the felony knowing that he possessed a firearm. Keeping in mind that the level of proof at the preliminary examination stage does not require positive proof of guilt, but only some evidence of each element, we find sufficient evidence was established to support the bindover on the felony-firearm charge.

II

Defendant next argues that the trial court failed to follow MCR 2.517(A)(1), formerly GCR 1963, 517.1, by not making specific findings of fact and that the evidence adduced at trial was insufficient to support findings that defendant had the specific intent to do great bodily harm to Embry, that defendant fired a gun at Embry and that, even if a gun were fired, the gun met the requirements of the felony-firearm statute. We address the arguments sequentially.

MCR 2.517(A)(1) provides:

> In actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment.

This Court has split on the degree of specificity required to satisfy the rule. As stated in *People v Eggleston,* 149 Mich App 665, 671; 386 NW2d 637 (1986), lv den 425 Mich 862 (1986):

> Currently, there is a split among the panels of

this Court concerning the degree of specificity necessary to satisfy the above court rule. In *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983), this Court held that specific findings of fact on each element of the crime are necessary to satisfy the court rule. Another panel in *People v Taylor,* 133 Mich App 762; 350 NW2d 318 (1984), *rev'd and remanded on other grounds* 422 Mich 554, 568; 375 NW2d 1 (1985), stated that, so long as it appears from the court's findings of fact that the trial court was aware of the issues in the case and correctly applied the law, the requirements of GCR 1963, 517.1 have been met. As of the date that the instant case was decided, this conflict has not been resolved.

See *People v Daniels,* 163 Mich App 703, 709 (1987), where a panel consisting of Judges SHEPHERD and KELLY and visiting Judge FORSTER recognized a shift away from *Davis, supra,* and toward the approach in *Taylor, supra.*

In this case, the trial court stated:

> *The Court:* The defendant is charged with having committed two crimes; assault with intent to murder and possession of a firearm in the commission or the attempt to commit a felony.
>
> I would find here that the People have not sustained their burden of proof as to the assault with intent to murder charge.
>
> I don't find that the intent has been shown. However, based on the testimony of Norie Embry who was a credible witness, I would find him guilty of the lesser included offense of assault with intent to do great bodily harm less than murder. I would also find him guilty of count two, possession of a firearm in the commission or the attempt to commit the felony. Again, that is based on the testimony of Norie Embry.

Based upon the above statement, it clearly ap-

pears that the trial court was aware of the issues in the case and correctly applied the law. The statement disclosed the path by which the court decided the basic issues raised by the evidence. Under *Taylor, Eggleston,* and *Daniels,* decisions which a majority of this panel believe reflect the sounder view, the trial court's statement satisfied the requirements of MCR 2.517(A)(1).

The standard of review under which sufficiency of evidence claims in bench trials are judged is whether, when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Frost,* 148 Mich App 773, 776; 384 NW2d 790 (1985); *People v Petrella,* 424 Mich 225, 268-270; 380 NW2d 11 (1985). The elements of assault with intent to commit great bodily harm are assault with the specific intent to do serious bodily injury. *People v Leach,* 114 Mich App 732, 735; 319 NW2d 652 (1982).

The evidence adduced at trial both duplicated and expanded upon the evidence presented at the preliminary examination. Two police officers who examined Embry's car testified that they believed the dents in the car were caused by bullets fired from a gun. Upon cross-examination, the alibi witness for defendant testified that, on the evening of October 23, 1985, when she and defendant went shopping together, defendant was angry and upset about his brother's death, blamed Embry for having something to do with it and stated: "He [defendant] just said he [Embry] was going to get his, because he all have to pay for what he did. They had been friends all this time." Viewed in the light most favorable to the plaintiff, we find the evidence at trial supports the element of specific

intent to harm and possession of an operable firearm.

### III

Defendant argues that the prosecution improperly vouched for the credibility of the complaining witness when questioning Embry concerning his testimony in the trial against the alleged murderer of defendant's brother. The complained of testimony is as follows:

> *Q.* Now, there came a time when you had some knowledge as a witness of an incident regarding the death of Darryl Oliver's brother, is that correct?
> *A.* Yes.
> *Q.* You testified in this building as a witness in that case, is that correct?
> *A.* Yes.
>
> \* \* \*
>
> *Q.* You talked to a prosecutor about your needed testimony in the murder case involving Darryl Oliver's brother, is that correct?
> *A.* Yes.
> *Q.* You were given immunity in front of the Judge that you testified to so that you would testify freely and truthfully, is that correct?
> *A.* Yes.
> *Q.* Did you testify truthfully in that case?
> *A.* Yes, I did.
> *Mr. Hall:* Objection to whether he testified truthfully, Your Honor. It is immaterial to this case.
> *The Court:* I will allow it. Go ahead.

Citing *United States v Roberts,* 618 F2d 530, 536 (CA 9, 1980), defendant argues that testifying that an accomplice, or a complainant, has agreed to testify truthfully is clearly vouching:

A strong case can be made for excluding a plea agreement promise of truthfulness. The witness, who would otherwise seem untrustworthy, may appear to have been compelled by the prosecutor's threats and promises to come forward and be truthful. The suggestion is that the prosecutor is forcing the truth from his witness and the unspoken message is that the prosecutor knows what the truth is and is assuring its revelation.

A prosecutor may not vouch for the character of a witness. *People v Flanagan,* 129 Mich App 786, 795; 342 NW2d 609 (1983).

Given the circumstances in which the testimony was given and the objection made thereto, we find no error. Objection was not taken on the grounds of improper vouching. Rather, it was on grounds that the witness' response was immaterial. Thus, the issue is not preserved and appellate review is precluded unless manifest injustice occurred. *People v Carroll,* 396 Mich 408; 240 NW2d 722 (1976). Since mere reference to a plea agreement containing a promise of truthfulness is not, without more, a sufficient ground for reversal, *People v Federico,* 146 Mich App 776, 796; 381 NW2d 819 (1985), lv den 425 Mich 867 (1986), we find no manifest injustice. Further, the statement was made in connection with the witness' explanation that he had been given immunity for testifying in the trial concerning the murder of defendant's brother. The prosecution has a duty to accurately disclose any plea agreements or promises a witness may have accepted in exchange for trial testimony. *People v Atkins,* 397 Mich 163, 173; 243 NW2d 292 (1976).

We do not construe Embry's response that he testified truthfully to constitute or amount to prosecutorial vouching for a witness' credibility. *Roberts, supra,* is not binding on this Court and was rejected by the Sixth Circuit in *United States v*

*Bess,* 593 F2d 749, 756-757 (CA 6, 1979). Finally, defendant was tried at a bench trial, and, thus, any error could be found harmless since the trial judge is presumed not to be prejudiced and to follow the law. *People v Phillips,* 75 Mich App 690, 696; 255 NW2d 733 (1977).

IV

At trial the two police officers who examined complainant's car testified, over objection, that no hole was made in the car body but that the dents in the car's surface could have been made by bullets. Defendant contends that, since the officers were not ballistics experts but were rather no more than lay witnesses, the officer's opinions as to the possible sources of the dents invaded the province of the jury and were not admissible under either MRE 401 or MRE 701. We disagree.

MRE 701 provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

This Court in *People v Smith,* 152 Mich App 756, 764; 394 NW2d 94 (1986), has interpreted the rule as follows:

> MRE 701 provides that opinion testimony by a lay witness is admissible if it is rationally based on the perception of the witness and helpful to a clear understanding of his testimony or a fact in issue. The admission of opinion testimony is within the trial court's discretion. *People v George Johnson,* 5 Mich App 257; 146 NW2d 107 (1966).

Recent panels have liberally applied MRE 701 in order to help develop a clearer understanding of facts for the trier of facts. In *Heyler v Dixon,* 160 Mich App 130; 408 NW2d 121 (1987), the testimony of several lay witnesses concerning their physical observations of the alleged intoxicated driver and *their opinion formed as a result of those observations* was allowed in evidence under MRE 701. In *Mitchell v Steward Oldford & Sons, Inc,* 163 Mich App 622, 629-630; 415 NW2d 224 (1987), the investigating police officer was permitted to testify that, based upon his observations of skid marks and the position of the two vehicles at the time of impact, and applying calculations from a chart used by the state police, he concluded the plaintiff turned too soon. The Court held:

> We believe that Henry's testimony was proper under MRE 701. This rule allows a lay witness to give opinions or make inferences which are rationally based on the perception of the witness. Henry made reliable conclusions from given facts which people in general could make. Henry's testimony was not overly dependent upon scientific, technical or other specialized knowledge.

Review of a trial court's decision to allow lay opinion testimony in evidence is made under an abuse of discretion standard. *People v Cole,* 382 Mich 695, 712; 172 NW2d 354 (1969). In our opinion, the officers' testimony in the instant case was no more dependent upon scientific, technical or other specialized knowledge than the investigating officer's testimony in *Mitchell, supra.* Both officers stated that they were experienced in viewing cars which had been dented by bullets and that they had examined Embry's car. Their opinion assisted the court in determining whether the dents in the car were of the type which could have been made

by a bullet. Accordingly, we find no abuse of discretion.

V

At sentencing on October 3, 1986, defense counsel claimed there were several inaccuracies in the presentence report. To each claim the trial court responded or otherwise indicated that the court would "accept" defendant's explanation, whereupon defense counsel then stated: "Very well, other than those errors, I feel that the balance of the report is accurate." Defense counsel then proceeded to list factors in mitigation of a lengthy sentence. After the prosecution asked for two years on the firearm charge and "a substantial time of incarceration" on the assault charge, the court interjected, saying only:

> Well, the sentence is going to be two years on the gun and two to ten on the assault with intent to do great bodily harm less than the crime of murder.

Defendant now argues that resentencing is required because the trial court (a) failed to adequately respond to the several objections to alleged presentence report inaccuracies and (b) failed to state on the record any reasons for the sentence imposed.

The trial court has an affirmative duty to rule on allegations of inaccuracies in the presentence report. *People v Sutton,* 158 Mich App 755, 761; 405 NW2d 209 (1987). However, we believe the trial court did sufficiently respond to defense counsel's objections. In *Sutton,* a trial judge's mere response of "all right" was held a sufficient acknowledgment that the court would favorably consider the objections.

Nevertheless, we agree with defendant that some further statement of the court's reasons for imposing the sentence is necessary to meet the mandate imposed by *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Calling attention to the Supreme Court's recent clarification of the issue in *People v Broden,* 428 Mich 343, 355; 408 NW2d 789 (1987), the prosecution contends that "a sentence within the guideline range requires no further explanation for *Coles* purposes." The prosecution reads *Broden* too broadly. In *Broden,* the trial court referred to the guidelines. The correct holding in *Broden* is that, "when the sentencing guidelines recommendation is followed, *reference only to the sentencing guidelines as the reason for sentence* is sufficient to fulfill the *Coles* requirement that the sentencing court articulate reasons for the sentence." *People v Hoffman,* 163 Mich App 530, 531; 415 NW2d 265 (1987). In *Hoffman,* the trial court did not refer to the guidelines but stated the sentence was based on the "facts and circumstances of the case" and imposed a sentence within the guideline range. Our Court found this sufficient.

In the instant case the trial court made no reference to either the guidelines or the facts and circumstances of the case. Without more we hold this insufficient. Remand for resentencing is required. *People v Van Etten,* 163 Mich App 593; 415 NW2d 215 (1987), lv den 428 Mich 922 (1987); *People v Odneal,* 166 Mich App 203; 420 NW2d 104 (1987). See also *People v Buck,* 429 Mich 875; 414 NW2d 889 (1987). The fact that the sentence happens to be within the recommended minimum guideline range is of no consequence if *Coles* is to be given any meaning at all.

Defendant's convictions are affirmed and the case is remanded for resentencing.

WAHLS, P.J., concurred.

R. M. MAHER, J. *(dissenting in part.)* I respectfully dissent from that portion of the majority's opinion which holds that the trial court made sufficient findings of fact in support of its guilty verdicts. Being the last holdout from the *Davis* panel,[1] I continue to believe that, at a minimum, the trial court must make specific findings of fact as to each element of the convicted offense. Absent such findings, neither the defendant nor this Court can ever be certain that the trial court correctly applied the law to the facts in pronouncing defendant guilty.

I imagine it would be a rare case where this Court, when given a certain destination, could not map out a proper path from the evidence to reach that location. But, such post hoc reconstruction of a guilty verdict reveals little about the course the trial court traveled in reaching that destination. Assuming, as we must, that the course traveled is just as important as the destination reached, the trial court should be required to make sufficient factual findings to show that its path was the proper one, i.e., the path delineated by the essential elements of the offense of which the defendant was convicted.

---

[1] *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983). The other two members of the *Davis* panel, Judges HOOD and T. M. BURNS, have since repudiated their positions in that case. See *People v Eggleston,* 149 Mich App 665, 672, n 1; 386 NW2d 637 (1986); *People v Taylor,* 133 Mich App 762, 766, n 1; 350 NW2d 318 (1984).