PEOPLE v LEACH

Docket No. 53899. Submitted November 4, 1981, at Grand Rapids.—
Decided April 6, 1982.

Steven J. Leach was convicted of assault with intent to do great
bodily harm, armed robbery and felony-firearm in the Wayne
Circuit Court, Peter B. Spivak, J. Defendant appealed. *Held:*

1. Conviction of both armed robbery and assault with intent
to do great bodily harm less than murder does not violate
either the state or federal constitutional prohibition against
double jeopardy.

2. The trial court erred in allowing the complaining witness
to testify, over defendant's objection, concerning two unautho-
rized entries into his home in the month prior to trial. Such
testimony was not relevant. However, its admission was harm-
less.

3. Defendant's allegation that an in-court identification was
tainted by an earlier improper photographic showup was made
for the first time on appeal. Because the issue was not raised at
trial, the Court of Appeals will not review the matter unless a
refusal to do so would result in manifest injustice. Since identi-
fication was not a contested issue at trial, manifest injustice
would not result from a denial of review.

4. The judge erred in sentencing defendant to serve his two-
year term for felony-firearm concurrently with the sentences
for his other convictions. The sentence is modified to provide
that the two-year sentence be served consecutively to and
preceding his other sentences.

Affirmed as modified.

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery §§ 4, 10.
[2] 6 Am Jur 2d, Assault and Battery § 48.
[3] 6 Am Jur 2d, Assault and Battery § 64.
  67 Am Jur 2d, Robbery § 48.
[4] 5 Am Jur 2d, Appeal and Error § 772.
  29 Am Jur 2d, Evidence § 251.
[5] 21A Am Jur 2d, Criminal Law §§ 802, 803.
  29 Am Jur 2d, Evidence §§ 371-373.

1. ROBBERY — ARMED ROBBERY.

   The elements of armed robbery are 1) an assault, 2) a felonious taking of property from the complainant's presence or person, and 3) a perpetrator armed with a weapon (MCL 750.529; MSA 28.797).

2. ASSAULT AND BATTERY — ASSAULT WITH INTENT TO DO GREAT BODILY HARM.

   The elements of assault with intent to commit great bodily harm are 1) an attempt or offer with force or violence to do corporal hurt to another, 2) coupled with an intent to do great bodily harm less than murder (MCL 750.84; MSA 28.279).

3. CRIMINAL LAW — DOUBLE JEOPARDY — ARMED ROBBERY — ASSAULT WITH INTENT TO DO GREAT BODILY HARM.

   Conviction of both armed robbery and assault with intent to do great bodily harm less than murder arising out of the same general set of facts does not violate either the state or federal constitutional prohibition against double jeopardy.

4. EVIDENCE — RELEVANT EVIDENCE — APPEAL — RULES OF EVIDENCE.

   Only relevant evidence is admissible; determinations as to relevancy of evidence lie within the discretion of the trial court and will not be overturned on appeal unless there was a clear abuse of discretion (MRE 401, 402).

5. CRIMINAL LAW — LINEUP-IDENTIFICATION — EVIDENCE.

   Where a lineup is held without counsel, any subsequent in-court identification must be preceded by an evidentiary hearing out of the presence of the jury at which the prosecution must show by clear and convincing evidence that the in-court identification has a basis independent of the illegal lineup.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Emmet Tracy,* for defendant on appeal.

Before: R. B. Burns, P.J., and Bashara and M. R. Knoblock,* JJ.

M. R. Knoblock, J. Defendant was convicted of assault with intent to do great bodily harm, MCL 750.84; MSA 28.279, armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2), and was sentenced to concurrent prison terms of two to ten years for the assault conviction, four to ten years for the robbery conviction and a determinate two-year term for the felony-firearm conviction. He appeals as of right.

The first issue raised by defendant is whether, on the facts of this case, his convictions of both armed robbery and assault with intent to commit great bodily harm violate the Double Jeopardy Clauses of the federal and state constitutions. The complainant testified that he picked up defendant, an unknown hitchhiker, in the area of Ecorse and Belleville Roads in Wayne County at approximately 9 p.m. on May 19, 1979. He was driving his automobile down a dirt road at approximately five miles per hour taking defendant to his destination when defendant pulled a gun and shot him in the face. Complainant then jumped from the car and ran into a wooded area to hide. After hiding for a period, complainant found his way to a hospital. Defendant was arrested some ten months later in the State of Florida and in possession of the complainant's automobile. The issue we must resolve is whether, on the facts of the case presented, armed robbery and assault with intent to commit great bodily harm are the "same offense" for which the defendant may not be multiply punished. *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The elements of armed robbery include 1) an assault, 2) a felonious taking of property from the complainant's presence or person, and 3) a perpetrator armed with a weapon as described in the statute. MCL 750.529; MSA 28.797, *People v McGuire,* 39 Mich App 308; 197 NW2d 469 (1972), 4 Gillespie, Michigan Criminal Law & Procedure, § 2219, pp 158-159. The elements of assault with intent to commit great bodily harm include 1) an attempt or offer with force or violence, to do corporal hurt to another, 2) coupled with an intent to do great bodily harm less than murder. MCL 750.84; MSA 28.279, *People v Cronk,* 9 Mich App 606; 157 NW2d 802 (1968), 2 Gillespie, Michigan Criminal Law & Procedure, § 1038, p 977. On the evidence produced at trial, we conclude the assault charge is not factually a lesser included offense of the armed robbery. It is true that under the facts of this case the assault utilized to perpetrate the armed robbery was the same act that constituted the assault element in the assault with intent to commit great bodily harm charge and if there were no additional elements allowing the conviction on both counts to stand would violate defendant's double jeopardy protection. *People v Yarbrough,* 107 Mich App 332; 309 NW2d 602 (1981). However, to convict on the assault with intent to commit great bodily harm charge, the jury in this case was further required to conclude that defendant, at the time of committing the assault, had the requisite "intent to do great bodily harm less than murder". This intent could be inferred from the act itself, the means employed and the manner employed, *People v Cunningham,* 21 Mich App 381; 175 NW2d 781 (1970), in this case, shooting the victim in the face. Neither the proof nor the finding of this wrongful intent was necessary to

support the armed robbery conviction. It is the wrongful intent with which the assault was committed that forms the basis for and justifies the separate and additional punishment resulting from the assault with intent to commit great bodily harm conviction.[1] Defendant is not being multiply punished for the "same offense".

Defendant next asserts the trial court committed reversible error by allowing certain allegedly inadmissible testimony into evidence. On direct examination the complainant was allowed to testify, over objection, concerning two unauthorized entries of his home during the one-month period prior to trial. The prosecutor indicated he was offering this evidence to rebut anticipated evidence from defendant that he and the complainant were acquaintances prior to the incident. Testimony of a police officer concerning defendant's extradition from the State of Florida was also admitted over defense objections.

Only relevant evidence is admissible, MRE 401, 402, and determinations as to relevancy of evidence lie within the discretion of the trial court and will not be overturned on appeal unless there was a clear abuse of discretion. *People v Strickland,* 78 Mich App 40; 259 NW2d 232 (1977). Though we are satisfied that the trial court did not abuse its discretion in allowing the testimony concerning the extradition, since it may have been relevant to show flight to avoid arrest or to establish a reason for conducting the photographic showup, the testimony concerning the unauthorized entries into complainant's home was irrelevant and its admission was error. However, we consider the error to be harmless beyond a reason-

---

[1] See *People v Compian,* 38 Mich App 289, 301; 196 NW2d 353 (1972).

able doubt. *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974). The outcome of the trial was dependent on the credibility of the complainant on the one hand and the defendant on the other. Considering the entire record we find no reasonable possibility that the admission of this irrelevant evidence could have influenced the jury one way or the other in this determination and, therefore, conclude it did not contribute to the defendant's conviction.

As his final issue defendant asserts he is entitled to reversal of his convictions because his in-court identification was impermissibly tainted by an earlier improper photographic showup conducted while he was in custody. Testimony at trial tended to indicate the photographic identification was necessary to extradite defendant from Florida where he was in custody at that time. Identification by photograph should not be used where the accused is in custody, absent certain exceptions, and if such exceptions apply he has the right to counsel as he would for corporeal identification procedures. *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). Unless one of the exceptions applies, the prosecutor is required to show an independent basis for the in-court identification by clear and convincing evidence. *People v Anderson, supra.*[2] At trial, however, defense counsel did not challenge the pretrial identification procedure, thereby preventing the trial court from making a determination in that regard. Because the issue was not raised at trial, this Court will not review the matter unless a refusal to do so would result in manifest injustice. *People v Provience,* 103 Mich

[2] Included in the recognized exceptions is the situation where the witness is at a place far distant from the location of the in-custody accused *(People v Anderson, supra),* which appears to have been present in this case.

App 69; 302 NW2d 330 (1981). Since identification was not a contested issue at trial we conclude manifest injustice will not result from a denial of review.

Finally, we note from the record of the sentencing that the trial judge indicated the two-year mandatory prison term imposed for the felony-firearm conviction was to be served concurrently with the sentences for the other convictions rather than consecutively and preceding those terms as required by statute MCL 750.227b(2); MSA 28.424(2)(2). Since the trial court had no discretion in this regard, rather than remand, we hereby amend the sentence to provide that the mandatory two-year determinate prison term imposed for the felony-firearm conviction be served consecutively to and preceding the concurrent prison terms imposed for the armed robbery and assault with intent to commit great bodily harm convictions. GCR 1963, 820.1(7).

Affirmed as modified.