PEOPLE v BAILEY

Docket No. 152415. Submitted April 13, 1994, at Detroit. Decided
    September 19, 1994, at 9:25 A.M. Leave to appeal sought.
  Richard L. Bailey was convicted by a jury in the Recorder's Court
    for the City of Detroit, Michael J. Callahan, J., of voluntary
    manslaughter. He had been charged with second-degree mur-
    der. The court provided the jury with instructions regarding
    second-degree murder and voluntary manslaughter, but refused
    the defendant's request for an instruction regarding assault
    with intent to do great bodily harm less than murder. The
    defendant appealed, alleging error as a result of the refusal to
    instruct the jury as requested.
  The Court of Appeals *held:*
  Assault with intent to commit great bodily harm less than
    murder is a cognate lesser included offense of second-degree
    murder. The trial court erred in refusing to give the requested
    instruction. The error cannot be considered harmless beyond a
    reasonable doubt because the defendant was convicted of volun-
    tary manslaughter, not the charged offense of second-degree
    murder.
  Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-
ing Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *Janet A.
Napp,* Assistant Prosecuting Attorney, for the peo-
ple.

*Joan Ellerbusch Morgan,* for the defendant on
appeal.

Before: SHEPHERD, P.J., and TAYLOR and R. D.
GOTHAM,* JJ.

  * Circuit judge, sitting on the Court of Appeals by assignment.

TAYLOR, J. Defendant appeals as of right his conviction of voluntary manslaughter, MCL 750.321; MSA 28.553. We reverse.

Defendant, armed with a baseball bat, approached Charles Peoples and struck him with the bat two or three times. Peoples died. Defendant testified that he was "out to hurt" Peoples when he struck him with the bat. Peoples died as a result of blunt-force injuries, the majority of which were on the left side of his body. Defendant was arrested and charged with second-degree murder, MCL 750.317; MSA 28.549. The court provided the jury with instructions regarding second-degree murder and voluntary manslaughter, but refused defendant's request to provide the jury with an instruction regarding assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. The jury found defendant guilty of voluntary manslaughter.

Defendant argues that where a request to instruct the jury on a lesser included offense has been made, it is error requiring reversal to deny the request to charge regarding such included offense. Second-degree murder is the unjustified and unexcused killing of a human being with malice. While the actual intent to kill is not an essential element of the offense, the prosecution must establish that the defendant created and disregarded a very high risk of death at the time of his assaultive activities. *People v Jones,* 115 Mich App 543, 554-555; 321 NW2d 723 (1982). The elements of assault with intent to commit great bodily harm less than murder include an attempt or offer with force or violence to do corporal harm to another coupled with an intent to do great bodily harm less than murder. MCL 750.84; MSA 28.279; *People v Leach,* 114 Mich App 732, 735; 319 NW2d 652 (1982). Assault with intent to com-

mit great bodily harm less than murder is a cognate lesser included offense of second-degree murder. *People v Fountain,* 392 Mich 395, 402; 221 NW2d 375 (1974); *People v Boles,* 127 Mich App 759, 770; 339 NW2d 249 (1983), rev'd 420 Mich 851 (1984).

In *Boles,* this Court held that it was not error for a trial court to refuse to instruct on assault with intent to commit great bodily harm less than murder as a lesser included offense of second-degree murder where there was evidence that the deceased died as a result of traumatic injury and that the defendant inflicted it. *Id.* p 771. However, the Supreme Court peremptorily reversed and remanded the matter for a new trial stating that the trial court erred in refusing to give the requested instruction on assault with intent to do great bodily harm less than murder.

Subsequently, in *People v Williams,* 143 Mich App 574; 374 NW2d 158 (1985), the trial court instructed the jury on first-degree murder, MCL 750.316; MSA 28.548, second-degree murder, manslaughter, and reckless discharge of a firearm resulting in the death of another, MCL 752.861; MSA 28.436(21), but refused to instruct the jury on assault with intent to murder, MCL 750.83; MSA 28.278, assault with intent to do great bodily harm less than murder, and felonious assault, MCL 750.82; MSA 28.277. The jury found the defendant guilty of first-degree murder, and, on appeal, the defendant argued that the trial court erred in refusing to give the requested assault instructions. This Court held that the trial court erred in failing to instruct the jury on the cognate lesser included offenses of assault with intent to commit murder and assault with intent to do great bodily harm less than murder. However, this error was deemed harmless beyond a reasonable doubt be-

cause the jury had the opportunity to convict on another intermediate charge and yet convicted on the greater offense.

In a concurring opinion, Judge SHEPHERD remarked as follows:

> In my view, the appellate courts of this state should recognize that defendant's right to instructions on cognate offenses has its logical limits. I believe that in murder cases in which the only issue is the accused's intent, the extent of that right is demarcated by the uncontroverted result of his conduct, namely death. There are enough offenses involving death in the criminal code to cover any conceivable defense theory with regard to the intent of the accused. We need not burden the jury with consideration of an entire new set of offenses. [*Williams, supra,* p 591.]

The Supreme Court denied leave to appeal in *Williams,* 431 Mich 878 (1988), but we are compelled by the dissent of Justice BOYLE, who stated as follows:

> I would grant leave to fully consider the question addressed by Judge SHEPHERD in concurrence: Whether the peremptory order of this Court in *People v Boles,* 420 Mich 851; 358 NW2d 894 (1984), rev'g 127 Mich App 759; 339 NW2d 249 (1983), is to be understood to mandate jury instructions authorizing conviction of assaultive offenses where the defendant is charged with murder and there is no dispute that the victim died as a result of the assault.
>
> As Judge SHEPHERD observed, such an interpretation pushes the obligation of trial judges to instruct on cognate offenses "to the outer extremes." If this Court really intends to impose this obligation on judges and offer this option to jurors, it should do so by opinion explaining how and why, where a defendant admits acting with feloni-

ous intent and does not dispute death as a result, a jury must be permitted to find nonculpability for such death. [*Williams*, p 878.]

We also would respectfully encourage the Supreme Court, in reviewing this case, to explain "how and why, where a defendant admits acting with felonious intent and does not dispute death as a result, a jury must be permitted to find nonculpability for such death." *Id.* Nonetheless, we are constrained by our Supreme Court's decision in *Boles, supra,* to conclude that the Recorder's Court committed error requiring reversal in failing to provide the requested instruction. While we may express our concern that the Supreme Court's decision in *Boles* was wrongly decided, our conclusion does not excuse us from applying the decision to the case before us. *Boyd v WG Wade Shows,* 443 Mich 515, 523; 505 NW2d 544 (1993). Additionally, because defendant was convicted of voluntary manslaughter, not second-degree murder, this error cannot be considered harmless beyond a reasonable doubt.

Reversed.