# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EARL STEVEN SMITH,

Defendant-Appellant.

UNPUBLISHED
May 10, 2018

No. 337363
Oakland Circuit Court
LC No. 2015-256605-FH

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of less than 25 grams of a controlled substance (methadone), MCL 333.7403(2)(a)(*v*), possession of a controlled substance analogue (alprazolam), MCL 333.7403(2)(b)(*ii*), and possession of marijuana, MCL 333.7403(2)(d). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to one year of probation for the possession of less than 25 grams of a controlled substance (methadone) and possession of a controlled substance analogue (alprazolam) convictions and to 202 days in jail for the possession of marijuana conviction. For the reasons set forth in this opinion, we affirm the convictions and sentences of defendant.

## I. BACKGROUND

While defendant was on parole, he reported to his parole officer that he lived at an address on Maurer Street in Pontiac, Michigan. As a condition of parole, defendant provided written consent for the search of his person or property by a parole officer or a peace officer. On August 26, 2015, officers went to the address provided to them by defendant and searched for narcotics. In defendant's bedroom, police found a razor blade and some powdery substance on it, which was later determined to be heroin residue. On top of a nightstand were two pills that were later found to be methadone pills as well as a small baggie containing marijuana located on the bed. A suit was located on the back of the bedroom entry door; inside a breast pocket of the suit was a sandwich baggie containing 23 blue pills that were later identified as alprazolam, which is also known as Xanax. A black silk robe was located in a large pile of clothes in the bedroom; inside the pocket of the black robe was $1,200 in cash. Another robe was hanging on a closet door; inside this robe was a hard plastic container that had 16 methadone pills in it. The police also found in the bedroom some mail that was addressed to defendant at that address. Following the search, defendant was arrested.

-1-

At trial, defendant's brother Fred testified on August 26, 2015, defendant was living with his girlfriend; Fred did not know on what street she lived. Fred also testified that he lived at the Maurer Street address and kept personal belongings in defendant's room, such as methadone, Xanax, and marijuana.

Another person, John Jackson also testified that he was living at the Maurer Street address. On August 26, 2015, Jackson left Maurer Street at approximately 6:30 a.m. As Jackson was leaving, he saw Fred lying in defendant's bed.

Defendant was convicted and sentenced in the manner described above. On May 5, 2017, defendant filed a motion for a new trial, arguing, in part, that defense counsel was ineffective for failing to call defendant's girlfriend, Cheryl Jones, to testify that she and defendant spent a considerable amount of time together and that he was essentially living with her. In an affidavit, Jones averred that she and defendant spent about 90% of their time together when they were not working. Defendant also claimed that defense counsel was ineffective for failing to object to repeated questioning and references to the fact that defendant was on parole and for failing to request a limiting instruction regarding these references to defendant's parole status. Defendant said that the parties could have stipulated that defendant listed the Maurer Street house as his residence. Further, defendant argued, defense counsel failed to request a cautionary instruction regarding police officers supposedly testifying as an expert when he had not been qualified as an expert by the trial court. Following oral argument on the motion, the trial court denied the motion for a new trial. This appeal then ensued.

## II. DEFENDANT'S PRINCIPAL APPELLATE BRIEF

On appeal, defendant argues that he was denied the effective assistance of counsel and that the trial court therefore erred in denying defendant's motion for a new trial based on his ineffective assistance claims. Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Any findings of fact are reviewed for clear error, while the legal questions are reviewed de novo. *Id*. A trial court's decision whether to grant a motion for a new trial is reviewed for an abuse of discretion. *People v Schrauben*, 314 Mich App 181, 187; 886 NW2d 173 (2016).

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability [exists] that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Defense counsel is presumed effective. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). "Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). A defendant claiming ineffective assistance has the burden of establishing the factual predicate for the claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

As he argued in the trial court, defendant first contends that counsel was ineffective for failing to call his girlfriend to testify that defendant was essentially living with her. "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). "In general, the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (quotation marks and citation omitted). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015) (quotation marks and citation omitted).

At trial, defense counsel presented a defense that the drugs recovered from defendant's bedroom at the Maurer Street address belonged to Fred rather than defendant. Defense counsel also called John Jackson, who testified that he was living "occasionally" at the Maurer Street address and that on August 26, 2015, he saw Fred lying in defendant's bed when Jackson left the house at 6:30 a.m.; Jackson further testified that he did not see defendant that morning. Therefore, defense counsel presented a defense that the drugs belonged to Fred rather than defendant by calling Fred and Jackson as witnesses.

In support of his motion for a new trial, defendant provided an affidavit of Jones stating:

> 1. I am the girlfriend of [defendant]. [Defendant] and I spent a lot of time together. I did not see any evidence that [defendant] sold or used drugs around the time that the offenses allegedly occurred. We spent about 90% of our time together when we were not working. I told this to [defense counsel]. I was willing to testify to the above.

> 2. I have personal knowledge of the above and am willing to testify to same if called as a witness.

Jones's affidavit does not account for all of defendant's time and it does not account for where they spent their time. Hence, her affidavit provides no additional information beyond what defense counsel presented at trial. In fact, defense counsel's procurement of Fred's testimony was more definitive than Jones's affidavit in stating that defendant was living with his girlfriend and had not been in the bedroom at the Maurer Street address in the week before the date of the offense. Jackson's testimony likewise indicated that Fred was lying in defendant's bedroom on the date of the offense and that defendant was not seen in the house. Overall, defense counsel advanced the defense theory by presenting the testimony of Fred and Jackson. Defendant has not shown that the failure to call Jones as a witness deprived defendant of a substantial defense. It also has failed to demonstrate how not calling Jones would lead us to conclude that there exists a reasonable probability that the outcome of the proceeding would have been different but for trial counsel's errors. *Vaughn*, 491 Mich at 670. Having failed to produce evidence sufficient for a finding that counsel's failure to call Jones fell below a standard of reasonableness or that there exists a reasonable probability that the outcome of the trial would have been different, defendant is not entitled to relief. *Carbin*, 463 Mich at 600.

Defendant next argues that defense counsel was ineffective for failing to request a cautionary instruction concerning what defendant characterizes as the expert testimony of Robert Ludd, the officer-in-charge. Defendant refers to Ludd's testimony regarding his experience and education and his testimony that drug dealers hide money. Defendant says that this testimony gave Ludd an "aura of reliability."

At trial, Ludd testified that "it's very common [for] people trafficking drugs to have large amounts of cash hidden away from other people to make sure that they know where it's at so it's not stolen." Ludd also indicated that it is a common practice to use cut-up lottery tickets to package heroin for sale. The trial court did not qualify Ludd to testify as an expert witness. Even if Ludd's testimony constituted expert testimony for which he was not qualified, defendant has not established that the failure to request a cautionary instruction constituted ineffective assistance of counsel. Defendant was charged only with simple possession offenses; therefore, Ludd's testimony concerning facts that would support an inference of an intent to deliver drugs is not relevant to the charges in this case. Given that the purported expert testimony was not relevant to the charged offenses, defense counsel may have reasonably declined to request a curative instruction that might have drawn further attention to the testimony at issue. Indeed, "there are times when it is better not to object and draw attention to an improper comment[,]" *People v Bahoda*, 448 Mich 261, 287 n 54; 531 NW2d 659 (1995), and failing to request a particular jury instruction may constitute a sound trial strategy, *People v Gonzalez*, 468 Mich 636, 645; 664 NW2d 159 (2003); *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013); *People v Rice (On Remand)*, 235 Mich App 429, 444-445; 597 NW2d 843 (1999).

Further, even if we presume counsel ineffective for failing to object, defendant cannot establish prejudice. We cannot find from this record any evidence which would lead us to conclude that had counsel objected to the complained of testimony, the outcome of the proceeding would have been different but for trial counsel's errors." *Ackerman*, 257 Mich App at 455.

Defendant also argues that Ludd's testimony was given an "aura of reliability," implying that is belied by the fact that the trial court provided a general cautionary instruction regarding police officer testimony. The trial court instructed the jury as follows: "You've heard testimony from a witness who is a police officer. That testimony is to be judged by the same standards you use to evaluate the testimony of any other witness." "Jurors are presumed to follow instructions, and instructions are presumed to cure most errors." *Petri*, 279 Mich App at 414.

Next, defendant argues that defense counsel was ineffective for failing to object to Ludd's testimony that he received a tip that defendant was selling heroin from the Maurer Street address. Defendant contends that this testimony contained an inadmissible hearsay statement and that it violated his constitutional right of confrontation.

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is inadmissible except as provided by the Michigan Rules of Evidence. MRE 802. A defendant also "has the right to be confronted with the witnesses against him or her." *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007), citing US Const, Am VI, Const 1963, art 1, § 20, and *Crawford v Washington*, 541 US 36, 42; 124 S Ct 1354; 158 L Ed 2d 177 (2004).

The Confrontation Clause prohibits the admission of all out-of-court testimonial statements unless the declarant was unavailable at trial and the defendant had a prior opportunity for cross-examination. A statement by a confidential informant to the authorities generally constitutes a testimonial statement. However, the Confrontation Clause does not bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted. Thus, a statement offered to show the effect of the out-of-court statement on the hearer does not violate the Confrontation Clause. Specifically, a statement offered to show why police officers acted as they did is not hearsay. [*Chambers*, 277 Mich App at 10-11 (citations omitted).]

At trial, the prosecutor asked Ludd if he "receive[d] a tip or something that directed [him] to [the] Maurer[Street address.]" Ludd responded that he received a tip that defendant "was selling heroin from the address . . . ." On the basis of that tip, Ludd and other law enforcement personnel went to 1153 Maurer to conduct a search. Ludd's testimony concerning the confidential informant's tip thus was not offered to establish that the tip was true but to explain why the police searched defendant's room. Given that the confidential informant's tip was not offered to prove the truth of the matter asserted, it did not constitute hearsay under MRE 801(c). And "[b]ecause the Confrontation Clause does not bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted, the testimony did not violate defendant's right of confrontation." *Id*. at 11. Accordingly, any objection to the testimony would have been futile, and defense counsel was not ineffective for failing to make a futile objection. *Id*.

Even if an objection would have led to limiting Ludd's testimony to the mere fact that a tip was received, defendant has not established that such a limitation would have produced a reasonable probability of a different outcome given the significant evidence of defendant's guilt. There was strong evidence tying defendant to the bedroom in the house at the Maurer Street address in which the drugs were located. When the police went to the house and asked to see defendant's room, defendant's uncle, Charles Smith (Charles), directed the police to the bedroom where the drugs were found. In addition to the drugs, the police found in the bedroom mail addressed to defendant at that address and a dry cleaning receipt issued to defendant. There was no proof of residence for anyone other than defendant found in the bedroom. On the day after the police search, defendant made incriminating statements to his parole officer, Antoinette Hughes, including that defendant had used heroin and that he had received a lump sum payment of $2,000 in social security benefits. The police found heroin residue and $1,200 in cash in defendant's bedroom. Although defendant's brother, Fred, claimed that the drugs in the bedroom belonged to him, Fred's description of how the drugs were packaged and where in the bedroom the drugs were located was not entirely consistent with what the police officers found when they searched the room. Given the strong evidence that defendant possessed the drugs found in the bedroom, defendant has not demonstrated that there was a reasonable probability of a different outcome if defense counsel had objected to Ludd's testimony concerning the confidential informant's tip. *Carbin*, 463 Mich at 600

Next, defendant argues that defense counsel was ineffective for failing to object to the admission of evidence concerning the fact that defendant was on parole and for asking questions

that pertained to defendant's parole status. Defendant's argument is unavailing because all of the evidence concerning the fact that he was on parole was offered for a proper purpose.

In general, all relevant evidence is admissible. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Nonetheless, relevant evidence is subject to exclusion "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. Further, MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The following factors are used to determine the admissibility of other acts evidence:

> First, the prosecutor must offer the "prior bad acts" evidence under something other than a character or propensity theory. Second, the evidence must be relevant under MRE 402 . . . . Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403. [*People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004) (quotation marks and citation omitted).]

Evidence of the fact that defendant was on parole was relevant to establishing defendant's identity as the person who possessed the drugs found in his bedroom. "[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Evidence that defendant lived at the Maurer Street address was therefore central to the case. Aaron Hundt, a parole officer, testified that defendant was on parole and had registered his address on Maurer Street. Defendant suggests that the parties could have stipulated that defendant listed Maurer Street as his address. But such a stipulation would have undermined the defense theory at trial, which was that defendant was living at another house with his girlfriend and that it was Fred who possessed the drugs. Indeed, defendant adheres to this defense theory on appeal by arguing that defense counsel was ineffective for failing to call defendant's girlfriend to testify in support of this defense theory.

In addition, evidence of defendant's parole status was relevant to explain why defendant met with Hughes, his parole agent, on the day after the search and to introduce defendant's incriminating statements to Hughes. The fact that Hughes was defendant's parole agent also served to explain how Hughes recognized defendant's voice on a jail phone call recording. The evidence that defendant was on parole was further relevant as a means to challenge the credibility of defendant's brother, Fred. Fred claimed that the drugs found in the bedroom belonged to him. Fred admitted knowing that defendant was on parole and indicated that Fred

himself was not on parole. Fred also acknowledged that, as defendant's brother, he cared about defendant and did not want defendant to be in any trouble. "The credibility of a witness is always an appropriate subject for the jury's consideration." *People v Coleman*, 210 Mich App 1, 8; 532 NW2d 885 (1995).

Defendant has not demonstrated that the evidence reflecting his parole status was so unfairly prejudicial that it substantially outweighed the probative value of the evidence. "MRE 403 does not prohibit prejudicial evidence; only evidence that is unfairly so." *People v Feezel*, 486 Mich 184, 198; 783 NW2d 67 (2010) (quotation marks and citation omitted). "[E]vidence is unfairly prejudicial when there exists a danger that *marginally* probative evidence will be given undue or preemptive weight by the jury." *Id*. (quotation marks and citation omitted). Again, the evidence was probative in numerous respects as described above, and defendant has failed to show the existence of a danger that the jury would unduly or preemptively weigh the evidence.

Overall, defendant's parole status was so intertwined with the facts of the case that there was no error in admitting evidence reflecting the fact that he was on parole. See *People v Sholl*, 453 Mich 730, 741; 556 NW2d 851 (1996) (noting MRE 404(b) but stating that "it is essential that prosecutors and defendants be able to give the jury an intelligible presentation of the full context in which disputed events took place."). Because there was no error in admitting evidence reflecting defendant's parole status, defense counsel was not ineffective for failing to raise a futile objection or advance a meritless argument. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Accordingly, defendant has failed to show that he was denied the effective assistance of counsel. Defendant has thus also failed to establish that the trial court abused its discretion in denying his motion for a new trial premised on the ineffective assistance of claims discussed above. MCR 6.431(B) provides: "On the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice." Because defendant's ineffective assistance claims asserted in support of his motion for a new trial are unavailing, he is not entitled to appellate reversal of his convictions, and the verdict has not resulted in a miscarriage of justice.[1]

Defendant further argues that he was denied a fair trial because of the cumulative effect of the alleged instances of ineffective assistance of counsel described above. This Court reviews

---

[1] In the statement of questions presented in his principal appellate brief, defendant refers to prosecutorial misconduct as well as ineffective assistance of counsel in asking whether the trial court abused its discretion in denying defendant's motion for a new trial. However, defendant's appellate argument on this issue is confined to the ineffective assistance of counsel claims discussed above; he does not discuss prosecutorial misconduct. Defendant's motion for a new trial filed in the trial court was likewise confined to ineffective assistance of counsel claims. Accordingly, any claim of prosecutorial misconduct has been abandoned because defendant has failed to brief the merits of any such issue. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue.").

a claim of cumulative error to determine whether the combination of alleged errors denied the defendant a fair trial. *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007). "The cumulative effect of several minor errors may warrant reversal even where individual errors in the case would not warrant reversal." *People v Knapp*, 244 Mich App 361, 388; 624 NW2d 227 (2001). The cumulative effect of the errors must have been seriously prejudicial in order to conclude that the defendant was denied a fair trial. *Id*. Moreover, the cumulative effect must undermine confidence in the reliability of the verdict before a new trial is granted. *Dobek*, 274 Mich App at 106. "Absent the establishment of errors, there can be no cumulative effect of errors meriting reversal." *Id*. As discussed, each of defendant's ineffective assistance claims is devoid of merit. Because defendant has failed to establish any errors, there can be no cumulative effect of errors requiring reversal. *Id*.

## II. DEFENDANT'S STANDARD 4 BRIEF

Defendant argues that he was denied his constitutional right of confrontation because of the admission of statements by the confidential informant and a laboratory technician who tested the drugs recovered from defendant's bedroom. Defendant makes a related argument that he was denied his right to have evidence of the res gestae presented at trial. These issues are unpreserved because defendant did not raise them below. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007); *People v Hogan*, 225 Mich App 431, 438; 571 NW2d 737 (1997). Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Henry (After Remand)*, 305 Mich App 127, 152; 854 NW2d 114 (2014), citing *People v Carines*, 460 Mich 750, 763, 774; 597 NW2d 130 (1999).

> Under the plain-error rule, a defendant must show: 1) error occurred, 2) the error, was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. To show that an error affected substantial rights, a defendant must show that the error affected the outcome of the lower court proceedings. If a defendant satisfies these three requirements, reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*Henry*, 305 Mich App at 152-153 (quotation marks, brackets, ellipsis, and citations omitted), citing *Carines*, 460 Mich at 763.]

Moreover, at trial, defense counsel stipulated to the admission of the laboratory reports which indicated that particular substances recovered from defendant's bedroom constituted certain drugs. Defendant did not object on the record. Defense counsel's decision to stipulate to the admission of the laboratory reports was consistent with a reasonable trial strategy. The defense theory at trial was that Fred rather than defendant possessed the drugs. This theory did not require challenging that the items recovered were drugs. There is no indication of any basis on which the laboratory findings could have been challenged. Hence, defense counsel's stipulation to the admission of the laboratory reports constituted a waiver that extinguished any error and precludes appellate review regarding the admission of that evidence. *People v Buie*, 491 Mich 294, 305; 817 NW2d 33 (2012) (holding, in relevant part: "Waiver is the intentional relinquishment or abandonment of a known right.") (Quotation marks and citation omitted).

Defendant next argues that he was denied his constitutional right of confrontation because the prosecutor did not call as witnesses at trial (1) the confidential informant who provided a tip that defendant was selling heroin from the Maurer Street address or (2) the laboratory technician who authored the laboratory reports indicating that the substances recovered from defendant's bedroom constituted certain drugs. Defendant's argument is unavailing. As explained, defense counsel's stipulation to the admission of the laboratory reports waived any claim that the failure to call the laboratory technician violated defendant's right of confrontation; any error in that regard was thus extinguished, and appellate review is precluded. See *Buie*, 491 Mich at 306, 315. Further, as explained in connection with defendant's ineffective assistance of counsel claim earlier, Ludd's testimony regarding the confidential informant's tip was not offered to prove the truth of the matter asserted but to explain why the police searched defendant's room: "[b]ecause the Confrontation Clause does not bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted, the testimony did not violate defendant's right of confrontation." *Chambers*, 277 Mich App at 11. But even if Ludd's testimony concerning the confidential informant's tip should have been limited such that the reference to selling heroin was excluded, any error was not outcome-determinative given the strong evidence of guilt set forth above and the limited inculpatory information briefly referenced in the confidential informant's statement. *Carines*, 460 Mich at 763; *Henry*, 305 Mich App at 152-153.

Defendant next argues that the prosecutor had an obligation to produce the confidential informant as a res gestae witness. However, the prosecutor is no longer required to produce res gestae witnesses; the prosecutor's duty under MCL 767.40a is to provide notice of known witnesses and reasonable assistance to locate witnesses on the defendant's request. See *People v Perez*, 469 Mich 415, 418-419; 670 NW2d 655 (2003). In any event, defendant has not established that the confidential informant was a res gestae witness. A res gestae witness is a person who witnesses an event in the continuum of the criminal transaction and whose testimony would aid in developing a full disclosure of the facts at trial. *People v Long*, 246 Mich App 582, 585; 633 NW2d 843 (2001). There is no indication that the confidential informant witnessed an event in the continuum of defendant's possession of methadone, alprazolam, and marijuana in his bedroom on the date of the charged offenses or that the confidential informant could somehow provide testimony that would aid in developing a full disclosure of the facts. Defendant has failed to establish an error in failing to call the confidential informant or that any error affected the outcome given the strong evidence of guilt. Accordingly, he is not entitled to relief on this issue.

Defendant next argues that the trial court erred in admitting Ludd's "expert" testimony that the items recovered from defendant's bedroom were drugs. Although framed in part as a due process claim, defendant is challenging the admission of Ludd's testimony concerning the drugs found in defendant's bedroom. Evidentiary errors are nonconstitutional, *People v Blackmon*, 280 Mich App 253, 260; 761 NW2d 172 (2008), and a defendant's attempt to label an issue as constitutional in nature does not make it so, see *id*. at 261 ("Although any error can potentially be argued to have deprived a defendant of his due-process fair-trial right, not every trial error is constitutional in nature. Merely framing an issue as constitutional does not make it

so.") (citation omitted).[2]   To preserve a claim that evidence was improperly admitted, a defendant must object at trial and specify the same ground for objection that he asserts on appeal. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001).  Defendant did not object below to Ludd's testimony on the ground asserted on appeal.   Therefore, this issue is unpreserved, and this Court's review is for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant argues that Ludd improperly testified as an expert witness concerning the scientific conclusion that the suspected drugs recovered from defendant's bedroom in fact constituted those drugs.[3]  A lay witness may testify on the basis of his own perceptions and personal knowledge.  See MRE 701 (a lay witness may testify about his opinion if it is rationally based on his perceptions); MRE 602 (a witness may only testify if he has personal knowledge of the subject matter of his testimony); *People v Daniel*, 207 Mich App 47, 57; 523 NW2d 830 (1994) (upholding the admission of lay opinion testimony by a police officer based on his observations).  Ludd testified regarding what he observed in defendant's bedroom.  Ludd's testimony was not overly dependent on scientific, technical, or other specialized knowledge.  See *People v Oliver*, 170 Mich App 38, 50-51; 427 NW2d 898 (1988), mod on other grounds 433 Mich 862 (1989).  Although Ludd did refer to the fact that the suspected drugs were later determined to be certain types of drugs, this testimony was in accordance with the laboratory reports that defense counsel had stipulated to admit.  There was no suggestion that Ludd himself was testifying as an expert concerning the contents of the laboratory reports.  Indeed, Ludd testified that he submitted the suspected drugs to the Oakland County Sheriff's laboratory and then received the results back from the laboratory; Ludd described the results of the laboratory testing as indicated in the laboratory reports, without any objection by defendant.  It was clear from Ludd's testimony that he was not the scientist who analyzed the drugs.  Defendant has failed to show the existence of a plain error affecting his substantial rights with respect to Ludd's testimony.

Defendant next presents additional claims of ineffective assistance of counsel.  Other than the argument that defense counsel was ineffective for failing to object to the admission of the confidential informant's statement, defendant failed to raise the ineffective assistance claims discussed below in his motion for a new trial.  Hence, the issue is unpreserved with respect to

---

[2] Defendant fails to offer an adequate or coherent explanation of how he thinks the asserted evidentiary error violated his right of due process.  "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."  *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).  Defendant has thus not properly presented the claim of a due process violation for appellate review.  *Id*.

[3] We previously addressed defendant's argument in his principal appellate brief that other portions of Ludd's testimony constituted improper expert testimony to which defense counsel failed to object; the portion of Ludd's testimony at issue here is different from the testimony addressed earlier.

those ineffective assistance claims, and this Court's review is limited to mistakes apparent from the record. *Heft*, 299 Mich App at 80.

Defendant first contends that defense counsel was ineffective for failing to object to the admission of the laboratory reports and to the unavailability of the laboratory technician as a witness. Defense counsel may decline to make an objection on the basis of trial strategy. See *People v Cooper*, 309 Mich App 74, 85; 867 NW2d 452 (2015). The defense theory at trial was that Fred rather than defendant possessed the drugs. This theory did not require challenging that the items recovered were drugs. There is no indication of any basis on which the laboratory findings could have been challenged. Defendant has therefore failed to overcome the presumption that the decision to stipulate to the admission of the laboratory reports in lieu of requiring the laboratory technician to testify constituted a sound trial strategy.

Defendant also asserts that defense counsel should have objected to the admission of the confidential informant's statement and have sought the production of the confidential informant as a witness. As discussed earlier, the confidential informant's statement was not offered to prove the truth of the matter asserted and thus did not violate defendant's right of confrontation. *Chambers*, 277 Mich App at 11. Hence, any objection to the testimony would have been futile, and defense counsel was not ineffective for failing to make a futile objection. *Id*. Even if there were grounds to object, defense counsel may have reasonably declined to object as a matter of trial strategy, given that " 'there are times when it is better not to object and draw attention to an improper comment.' " *Unger*, 278 Mich App at 242, quoting *Bahoda*, 448 Mich at 287 n 54. Defense counsel may also have concluded that requesting the production of the confidential informant as a witness at trial was not a sound strategy; defendant fails to explain how it would have helped his defense to seek the informant's production. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

Defendant next argues that defense counsel was ineffective for failing to object to the prosecutor presenting Ludd as both a lay witness and an expert witness without a demarcation between his two roles. As explained earlier, however, Ludd did not testify as an expert witness concerning the drugs. Defendant has thus failed to establish the factual predicate for this claim. *Carbin*, 463 Mich at 600.

Next, defendant asserts that defense counsel failed to conduct legal research and to investigate and thoroughly comb the police reports and laboratory reports. There is no support for this contention in the record, and defendant has thereby failed to establish the factual predicate for this claim. *Id*. Defendant also fails to identify any prejudice arising from the alleged failure to investigate, which is fatal to his claim. See *People v Caballero*, 184 Mich App 636, 640-641; 459 NW2d 80 (1990).

Defendant argues that defense counsel was ineffective for failing to challenge the authenticity of the recorded jail phone calls and for failing to seek the production of those recordings before trial so that defense counsel could determine if he recognized defendant's voice. The record is devoid of any basis for concluding that the authenticity of the recorded phone calls could have been challenged. Hughes and defendant's own brother, Fred, testified it

was defendant's voice on the recordings. Defendant has failed to show that defense counsel's performance was deficient or that defendant was prejudiced.[4]

Finally, even if defense counsel's performance had been deficient in any of the ways asserted by defendant, defendant has not established a reasonable probability of a different outcome but for defense counsel's alleged error given the strong evidence of guilt discussed earlier.

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen

---

[4] Also, the record shows that defense counsel in fact did make an objection to the admission of one of the jail phone call recordings, and defendant's brother, Fred, then testified outside the presence of the jury that he recognized his and defendant's voices on the recording.